IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| DEWAYNE CRAFT,<br><br>    Petitioner,<br><br>vs.<br><br>STATE OF IOWA,<br><br>    Respondent. | No. C13-0117<br><br>RULING ON MOTION TO STAY |

This matter comes before the Court on the Motion for Stay of Habeas Proceedings with Legal Memoranda (docket number 16) filed by the Petitioner on September 30, 2014, and the Resistance to Motion to Stay (docket number 17) filed by the Respondent on October 2. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. PROCEDURAL HISTORY

On October 31, 2013, Petitioner Dewayne Craft filed a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (docket number 4). On April 22, 2014, the Respondent, State of Iowa, submitted copies of the underlying state court documents (docket number 9) and filed its Answer (docket number 10).

On April 23, 2014, the Clerk of Court established a briefing schedule, requiring Craft to file his brief and argument not later than July 21, 2014. At Craft's request, however, the deadline was later extended to October 21, 2014. The State's merits brief is due not later than December 19, with Craft's reply brief, if any, due not later than January 31, 2015.

On September 30, Craft filed the instant motion for stay. Craft asks the Court to stay the proceedings in federal court to allow him to exhaust a "recently discovered" claim in state court. The State of Iowa resists.

## II. RELEVANT FACTS

On November 27, 2007, Craft was charged in the Iowa District Court for Black Hawk County with murder in the first degree. On December 22, 2008, Craft pleaded guilty to the lesser included offense of murder in the second degree, and also pleaded guilty to first degree theft. At the plea change hearing, Craft admitted that he struck, kicked, or strangled Shayla Todd, resulting in her death. Craft denied that he "intentionally tr[ied] to kill her," but admitted that he acted with "malice aforethought." Craft also admitted to the theft. Craft was immediately sentenced to 50 years in prison on the second degree murder charge and 10 years in prison on the first degree theft charge, to be served concurrently. Craft is not eligible for parole on the second degree murder charge until he has served 70% of his sentence. As part of the plea agreement, Craft waived his right to appeal and waived his right to file any action for post-conviction relief.

On August 18, 2009, Craft filed an application for post-conviction relief pursuant to Iowa Code Ch. 822. As grounds for relief, Craft asserted "Ineffective assistance of counsel & Diminished capacity." Craft was represented in the post-conviction proceeding by attorney Steven J. Drahozal. Mr. Drahozal was permitted to amend the application to assert trial counsel was ineffective because she failed to ensure that (1) the guilty plea was knowing and voluntary, (2) the record reflected a factual basis for the plea, and (3) the defendant's waivers on the record were knowing and voluntary.

On October 20, 2011, the post-conviction action came on for hearing on the State's motion to dismiss. On October 27, 2011, Judge Bradley J. Harris filed an order finding that he was "satisfied that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings." Nonetheless, Craft was given an

additional 30 days to file a written reply to Judge Harris' "proposed dismissal" of Craft's application for post-conviction relief. Mr. Drahozal filed a reply on Craft's behalf, but to no avail. On December 27, 2011, Judge Harris dismissed Craft's application for post-conviction relief.

On February 7, 2012, Craft appealed the adverse ruling. On March 27, 2013, the Iowa Court of Appeals affirmed the district court's decision to deny Craft post-conviction relief. Craft's application for further review was denied by Chief Justice Mark S. Cady of the Iowa Supreme Court on May 20, 2013.

On October 31, 2013, Craft filed the instant action for federal *habeas corpus* relief.

### III. DISCUSSION

In his instant motion, Craft asks the Court to stay this federal *habeas* proceeding so that he may return to state court "to exhaust a claim recently discovered while doing legal research and review of the record."[1] Craft asserts that he "was taking psychotropic medication that effects his ability to perceive and respond to reality."[2] According to Craft, taking medication "is a factor that contributed to whether or not he understood his attorney and/or thought that he was going to get out before the 70% mandatory."[3]

In his petition for *habeas corpus* relief, Craft asserts three grounds for relief, with all three grounds asserting ineffective assistance of counsel: First, Craft claims he was "under duress" when he pleaded guilty; second, his attorney failed to "do an essential duty" (which he doesn't specify); and third, his plea was not "knowing and voluntary."

---

[1] Petitioner's Motion (docket number 16) at 1.

[2] *Id.* at 2.

[3] *Id.*

3

Craft has *not* asked to amend his petition to include the new claim which he identifies in his instant motion for stay. Craft recognizes the new claim — that taking psychotropic medication effected his ability "to perceive and respond to reality" — was not raised in state court. *If* the Court denied any motion to amend, then the motion to stay is moot.[4] *If* the court permitted Craft to amend his petition to add the additional allegation, then it would constitute a "mixed" petition with exhausted and unexhausted claims.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court addressed the district court's options when facing a mixed petition. The Court concluded that, under "limited circumstances," the district court may order a "stay and abeyance" when confronted with a "mixed" petition for *habeas corpus* relief. That is, if a state prisoner presents a federal court with a petition containing some claims that have been exhausted in state court and some that have not, the district court may, in the exercise of its discretion, stay the federal court proceeding and permit the prisoner to address the unexhausted claims in state court. This procedure balances the interest in a timely determination of the issues with the desire to have all claims brought in a single action. *Id.* at 276. The Court cautioned, however, that "stay and abeyance" should be employed infrequently.

---

[4] It is not clear that Craft would be permitted to amend his claim to add the new allegation at this time. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a federal *habeas* petition to be filed within one year of the date when the state judgment became final. 28 U.S.C. § 2244(d)(1). Here, Craft's state post-conviction action was complete when his application for further review was denied on May 20, 2013. Craft timely filed the instant petition for *habeas corpus* relief on October 31, 2013. However, in *Mayle v. Felix*, 545 U.S. 644 (2005), the Court held that an amended petition which asserts a new ground for relief supported by facts that differ from those in the original pleading does not "relate back" to the date of the original petition. That is, because the one-year statute of limitations to bring a federal *habeas* petition has now expired, Craft is precluded from raising any claim which differs substantially from his original claims. *Id.* at 657.

4

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Rhines*, 544 U.S. at 277.

Accordingly, the Court concluded that "stay and abeyance should be available only in limited circumstances." *Id.* The Court identified three considerations for the appropriate granting of a stay. First, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* Second, even if a petitioner had good cause for his failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* Third, "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id.* at 278. "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*

### A. Good Cause

I will first address the issue of whether Craft has shown "good cause" for failing to first raise this issue in state court. In his motion, Craft states that he "was not aware of the legal authority which allows for this claim to be litigated." In support of his motion, Craft cites *Castro v. State*, 795 N.W.2d 789 (Iowa 2011). There, Castro pleaded guilty to five counts of sexual abuse in the third degree. In an application for post-conviction relief, Castro claimed (1) his trial attorney failed to devote adequate time to investigate the

case prior to the plea, (2) his trial attorney failed to investigate whether his mental health and medication regimen supported a diminished-capacity defense to the crime or rendered his incriminating statements involuntary and inadmissible, and (3) his drug regimen was altered just prior to the time he entered his plea and his state of mind rendered him incompetent to fully understand the proceedings. *Id.* at 791. The district court granted summary judgment to the State, and Castro appealed.

On appeal, the Iowa Supreme Court noted that a criminal defendant generally waives all defenses and objections to the criminal proceedings by pleading guilty, including claims of ineffective assistance of counsel. *Id.* at 792. "One exception to this rule involves irregularities intrinsic to the plea — irregularities that bear on the knowing and voluntary nature of the plea." *Id.* The State argued that the first two claims failed as a matter of law because they were not intrinsic to Castro's guilty plea. The Supreme Court disagreed and, because the State had not challenged Castro's factual allegations in that regard, found that the district court erred in granting summary judgment. *Id.* at 794. Regarding Castro's third claim for relief, the Court found that summary judgment was properly granted because Castro failed to produce expert testimony that a change in his drug regimen rendered the plea involuntary or unintelligent. *Id.* at 796. Craft argues that *Castro* created a new "ground of law" which was not available to him when he pursued post-conviction relief in state court.

The Court's holding in *Castro* did not establish new law. The *Castro* Court noted that in *State v. Carroll*, 767 N.W.2d 638 (Iowa 2009), the Court "clarified how the intrinsic-irregularity exception applies to postconviction relief claims of ineffective assistance of counsel predicated on the failure of counsel to perform certain pre-plea tasks that ultimately render the plea involuntary or unknowing." *Castro*, 795 N.W.2d at 792. The Supreme Court concluded that the district court misapplied existing law regarding whether certain "irregularities" are intrinsic to the knowing and voluntary nature of a

guilty plea. It is axiomatic that any guilty plea must be knowing and voluntary. If Craft's attorney was ineffective in failing to ensure Craft's medications did not affect his ability to understand the proceedings, then that issue could have been raised in his application for post-conviction relief. *See State v. Rand*, 268 N.W.2d 642 (Iowa 1978); *Sewell v. Lainson*, 57 N.W.2d 556 (Iowa 1953). *See also Sanders v. United States*, 373 U.S. 1, 20 (1963) (recognizing that a plea given while a defendant is under the influence of narcotics would not be knowing and voluntary). The law is not new. Craft could have raised his "new" claim — that taking psychotropic medication effected his ability "to perceive and respond to reality" — in his application for post-conviction relief. In summary, the Court finds that Craft has not shown good cause for failing to raise this additional claim in state court.

## B. Legal Merits

Even if Craft had established good cause for failing to exhaust his claim first in state court, the district court abuses its discretion by granting a stay when his unexhausted claim is plainly meritless. *Rhines*, 544 U.S. at 277. Craft claims that he was taking psychotropic medication at the time he pleaded guilty, which affected "his ability to perceive and respond to reality." Craft recognizes in his motion that it would be necessary to find a medical expert to support his claim because "such an inference would normally be speculative without the support of a medical expert." *Castro*, 795 N.W.2d at 795. Nothing in his motion suggests that Craft has consulted with any expert who would support his claims. That is, Craft's new claim is nothing more than speculation.

Moreover, it would appear that Craft's new claim is barred by Iowa's three-year statute of limitations for filing applications for post-conviction relief. *See* Iowa Code § 822.3. Craft was sentenced on December 22, 2008 and no appeal was taken. Craft filed a timely application for post-conviction relief on August 18, 2009, but it was dismissed.

At this time, a second application for post-conviction relief in state court would fall well beyond the three-year limitation period.

Craft apparently believes that a late-filed application for post-conviction relief would be granted, citing *Nguyen v. State*, 829 N.W.2d 183 (Iowa 2013). In *Nguyen*, an individual convicted of felony-murder filed an application for post-conviction relief after the three-year statute of limitations found in Iowa Code § 822.3 had expired. Nguyen argued that the three-year limitation period did not apply because the Iowa Supreme Court's decision in *State v. Heemstra*, 721 N.W.2d 549 (Iowa 2006), provided a new "ground of law" which could not have been raised within the applicable time period. *See* Iowa Code § 822.3 (the three-year limitation "does not apply to a ground of fact or law that could not have been raised within the applicable time period"). In remanding the case for further proceedings, the *Nguyen* Court noted that "[o]ur *Heemstra* decision was not simply a 'clarification of the law' or 'an application of preexisting law,' it expressly overruled the prior law." *Id.* at 188 (internal citation omitted). As discussed above, however, *Castro* did not establish new law and, therefore, *Nguyen* provides no relief.

### C. Summary

In summary, the Court concludes that even *if* Craft's petition for *habeas* relief were amended to include the new claim identified in his instant motion, the request for stay should be denied. Craft has not established good cause for his failure to exhaust the claim first in state court. In addition, it would appear that a second application for post-conviction relief is untimely and, therefore, plainly meritless.[5] Therefore, the motion for stay will be denied.

---

[5] The State concedes that Craft has not engaged in abusive litigation tactics or intentional delay — the third factor set forth in *Rhines*.

8

## IV. ORDER

IT IS THEREFORE ORDERED that the Motion for Stay of *Habeas* Proceedings (docket number 16) filed by the Petitioner is **DENIED**.

DATED this 10th day of October, 2014.

*[signature]*

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA