# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| DEWAYNE LACORY CRAFT, | |
| Plaintiff, | No. 13cv117 EJM |
| vs. | ORDER |
| STATE OF IOWA, | |
| Defendant. | |

This matter is before the court on plaintiff's resisted Petition for Habeas Corpus, filed October 31, 2013. Briefing concluded January 14, 2015. Petition dismissed.

Pro se petitioner Craft, an inmate in Anamosa State Penitentiary, pleaded guilty to and was convicted of second degree murder of his girlfriend Shayla Todd on September 2, 2007. He brings this petition for habeas corpus asserting (1) ineffective assistance of counsel, and (2) violation of his due process rights by the Iowa courts by denying him an evidentiary hearing.

When a claim has been adjudicated on the merits in state court, habeas corpus will not be granted unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court; or
>
> (2) resulted in a decision that was based on an reasonable

determination of the facts in light of the evidence presented in
the State court proceeding.

28 U.S.C. § 2254(d).

Craft argues his state-court counsel rendered ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution. A claim of ineffective assistance of counsel is governed by Strickland v. Washington, 466 U.S. 668 (1984). To show constitutionally ineffective assistance of counsel under this standard, a petitioner bears the burden of affirmatively showing "both deficient performance by counsel and prejudice." Knowles v. Mirzayance, 556 U.S. 111, 122 (2009). To establish the "deficient performance" prong, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 687-91. To establish the "prejudice" prong, a petitioner is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test...." Id. at 693. Thus, "[s]urmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010).

Craft argues his trial counsel was ineffective for allowing him to plead guilty when Craft did not fully understand the consequences of the plea.

2

More specifically, Craft asserts his counsel told him he would not have to serve the seventy-percent mandatory minimum applicable to his crime because the legislature would lower the mandatory minimum. This advice, he argues, led him to enter an involuntary and unintelligent plea.

In support of his ineffective assistance of counsel claim, Craft argues the Iowa courts unreasonably determined the facts because they failed to provide him an evidentiary hearing. But the Constitution does not guarantee Craft the right to postconviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 557 (1987). Therefore, Craft does not have a federal constitutional right to any certain process, including an evidentiary hearing, within postconviction proceedings. As such, the Iowa district court was not unreasonable in rejecting his claim without an evidentiary hearing.

The rule in Iowa is that a hearing is necessary only if "a minimum threshold of credibility is met." Foster v. State, 395 N.W.2d 637, 638 (Iowa 1986). Craft's self-serving statement about his counsel's advice, together with affidavits from his mother and sister, do not supply the minimum credibility necessary to overcome the ample record evidence showing he was advised multiple times of the seventy-percent mandatory minimum. Appendix 9-14, 40, 48. This is especially true in a situation like this where even a lay person should recognize there is no way to predict what a state legislature may do in the future. The

upshot is that Craft was not entitled to an evidentiary hearing in state court, and he cannot complain that the state court fact-finding process was unreasonable.

Nothing in § 2254(d)(2) "suggests [courts] defer to a state court's factual findings only if the state court held a hearing on the issue." Cowans v. Bagley, 639 F.3d 241, 246-48 (6th Cir. 2011) (according deference to state court's fact finding on competence to stand trial despite lack of a hearing); see also Mendiola v. Schomig, 224 F.3d 589, 592-93 (7th Cir. 2000) (comparing pre-AEDPA version of section 2254 which required a hearing to trigger deference to state courts with post-AEDPA section 2254, which lacks any such requirement, and holding that "if the state court's finding is supported by the record, even though not by a 'hearing on the merits of [the] factual issues,' then it is presumed to be correct."). This court will defer to the Iowa courts' finding of facts, irrespective of whether a hearing occurred.

The Iowa Court of Appeals' decided that Craft was not entitled to an evidentiary hearing as a matter of Iowa law. This court cannot change that on habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). The Iowa Court of Appeals' approval of the district court's summary disposition is binding.

Given proper deference, the Iowa Court of Appeals' factual finding dictates the outcome of the Sixth Amendment issue. If defense counsel did not advise Craft that the Iowa legislature would eliminate the mandatory minimum sentence for second-degree murder, he could not have been ineffective. Compare Buchheit v. Norris, 459 F.3d 849, 852 (8th 2008) (noting Supreme Court has not decided whether failure to advise as to parole eligibility amounts to ineffective assistance), with Hill v. Lockhart, 894 F.2d 1009, 1010 (8th Cir. 1990) (holding erroneous advice could constitute ineffective assistance).

Even if the Iowa courts unreasonably determined the facts, a de novo review establishes no Sixth Amendment violation occurred. First, Craft's counsel performed competently. As noted above, the record affirmatively disproves Craft's factual assertion that his counsel told him the legislature would change the law. Craft confirmed at the guilty plea hearing that he understood the seventy-percent mandatory minimum. Appendix 9-14, 40, 48. Moreover, defense counsel's advice on the matter was conditional. Counsel's letter says only that the legislature "can" amend the statute, and that "if" the legislature were to amend the statute it would apply to Craft. Just as the Iowa Court of Appeals held, Craft's self-serving assertion and affidavits from family members cannot overcome a record clearly showing he was advised of the mandatory minimum.

Craft also cannot show Strickland prejudice. He bears the burden to prove he would not have pleaded guilty if counsel had performed competently. Hill v. Lockhart, 474 U.S. 52 (1985). Craft must show he would not have pled guilty if counsel had advised him the legislature likely would not change the mandatory minimum. Here again, the prosecutor and the court both told him he would have to serve the mandatory minimum. Appendix 9-14. Both at sentencing and in a letter, Craft's counsel said only that Craft would be entitled to a lower mandatory minimum "if" the legislature changed the law. This is essentially the competent performance Craft now asserts he lacked. Yet, Craft pled guilty anyway. See, e.g., United States v. Schmitz, 887 F.2d 843, 844 (8th Cir. 1989) ("Schmitz's contention that he pleaded guilty based on counsel's promise he would receive a three-year sentence is also contradicted by Schmitz's representations during the plea taking.").

The evidence against Craft was so strong that his counsel advised him to plead guilty out of concern he would be convicted of first-degree murder, requiring a mandatory life sentence. Appendix 133-34. As such, Craft cannot show he would have elected to go to trial if counsel had performed differently.

Craft claims the Iowa courts violated his right to due process by not providing him an evidentiary hearing. This claims suffers from three defects.

First, the claim does not appear in Craft's petition for writ of habeas corpus and he has not moved to amend the petition. The statute of limitations has

6

passed, and Craft has not explained how this claim relates back to his other claims.

Second, and more importantly, Craft did not present this claim to Iowa's courts. In state court, Craft argued only that Iowa Code chapter 822 provided a right to a hearing. This is a state-law statutory argument, not a federal constitutional due process argument. Pursuant to 28 U.S.C. § 2254(b)(1)(A), habeas relief shall not be granted to a person held in custody under a state judgment unless "the applicant has exhausted the remedies available in the courts of the State." According to the United States Supreme Court, a defendant must present his federal claims throughout "one complete round" of state appeal process. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (citations omitted). Craft did not present a federal due process claim based on the lack of an evidentiary hearing to any Iowa court.

Third, it is too late for Craft to properly exhaust that issue now. The three-year statute of limitations for postconviction relief actions has expired. See Iowa Code § 822.3 (containing statute of limitations). Further, Craft cannot raise the issue in a subsequent application for postconviction relief because he failed to raise it in his first application. See Iowa Code § 822.8 (preventing piecemeal litigation). Thus, Craft has technically exhausted his state-court remedies, but he has not done so properly and his claims are procedurally defaulted. Wemark v. Iowa, 322 F.3d 1018, 1022 (8th Cir. 2003). Such a procedural bar

"provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default, or some other reason to avoid the default rule." See Welch v. Lund, 616 F.3d 756, 760 (8th Cir. 2010) (addressing failure to request discretionary review). None of the limited reasons to excuse the procedural default exist in this case.

It is therefore

ORDERED

Petition dismissed.

March 23, 2015

                                      _____
                                      Edward J. McManus, Judge
                                      UNITED STATES DISTRICT COURT